IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Estelle Hayman<br><br>Plaintiff,<br><br>vs.<br><br>WYETH, INC. et al.<br><br>Defendants. | Civil Action No:<br>05 cv 11441 DPW |

**PLAINTIFF'S EX-PARTE MOTION TO EXTEND THE TIME TO FILE DEFENDANTS' WAIVERS OF SERVICE OF PROCESS**

**NOW COMES** Plaintiff, Estelle Hayman, by and through their attorneys, Pollack & Flanders, LLP, and seek an extension of time to file Defendant Wyeth Inc.'s, Wyeth Pharmaceuticals, Inc.'s and Pfizer, Inc's, Greenstone LTD's and Pharmacia Upjohn Company's (collectively "Pfizer Defendants") Waivers Of Service Of Process.

Plaintiff has served on each Defendant a copy of the Notice to Waive Service of Process together with a copy of the Complaint in this action on each Defendant or its registered agent. Counsel for each Defendant has indicated that they will waive service of process and return the signed waiver of service of process to Plaintiff's counsel. See Attached Exhibit A, E-mail from Christopher Allen, Esq., counsel for Pfizez Defendants; See Attached Exhibit B, Letter dated October 28, 2005 from L. Heard, Esq., counsel for Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. Upon receipt of Mr. Heard's letter Plaintiff

immediately served her requests for waiver of service of process on Wyeth, Inc. and Wyeth Pharmaceutical Inc.'s Registered Agent CSC by Federal Express. After each Defendants waiver of service is received and filed with the Court, this action will be transferred as a "tag along action" to the United States District Court for the Eastern District of Arkansas and MDL 1507 <u>In Re: PremPro Products Liability Litigation</u>.

Plaintiff respectfully requests an additional 20 days to file Defendants' waivers of service of process. In the event that such waivers are not received, Plaintiff will serve Defendants with Summons and Complaint no later than November 30' 2005.

> Respectfully submitted,
> POLLACK & FLANDERS, LLP
> Attorneys for Plaintiff
>
> _____
> Albert C. Flanders
> BBO No.: 567076
> Pollack & Flanders, LLP
> 50 Congress Street
> Suite 430
> Boston, MA 02109
> p.   (617) 259-3000
> f.   (617) 259-3050

Dated: November 10, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Estelle Hayman | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Civil Action No: |
| | : 05 cv 11441 DPW |
| WYETH, INC. et al. | : |
| | : |
| Defendants. | : |

## ORDER

Upon consideration of Plaintiff's Ex-Parte Motion To Extend The Time To File Defendants' Waivers Of Service Of Process, it is this ___ day of November, 2005;

    A.    Ordered that Plaintiff's Motion is Granted; and

    B.    Further Ordered that Plaintiff will file Defendant's signed Waivers Of Service Of Process or effect formal Service of Process no later than November 30, 2005;

So Ordered

_____
Presiding, J.

# EXHIBIT A

**From:** Allen, Christopher [mailto:CAllen@nixonpeabody.com]
**Sent:** Tuesday, November 01, 2005 6:36 PM
**To:** Mike Gallant
**Cc:** Leghorn, Joseph
**Subject:** Galante v. Wyeth, Inc., et al.

Mike:

I write as a follow up to our discussion on Friday regarding the *Galante* matter. This will confirm that you have agreed to grant an extension of time to the Pfizer entities to answer or otherwise plead until 20 days after the case is transferred to the MDL. I've attached a draft Stipulation of Dismissal for your review and comment. I went a head and electronically "signed" Sam Pollack's name on the assumption that he would be the appropriate signatory. If you need me to send a copy to Sam directly for his blessing, I'm happy to do so.

On a related note, we recently received the following new cases from your office via our client (all filed in the USDC MA):

*Lee v. Wyeth, Inc. et al.*, Civil Action No. 05-11436
*Guarino v. Wyeth, Inc., et al.*, Civil Action No. 05-11437
*Hayman v. Wyeth, Inc., et al.*, Civil Action No. 05-11441
*Higginbottom v. Wyeth, Inc., et al.*, Civil Action No. 05-11447
*Rochelle v. Wyeth, Inc., et al.*, Civil Action No. 05-11439

Each of them were sent to Pfizer with waivers of service. It is my understanding that the waivers will be accepted and will be sent out by our colleagues at Kaye Scholer. While the extra time to answer may obviate the need for an extension, out of an abundance of caution, I would like to go ahead and file Stips in these new cases along the same lines of what we file in *Galante*. Please let me know if you have any objection.

Thank you again for your courtesy. Have a nice evening.

Chris

J. Christopher Allen, Jr.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Office: 617.345.1261
Cell: 617.538.3846
Fax: 617.345.1300
callen@nixonpeabody.com
www.nixonpeabody.com

11/10/2005

# EXHIBIT B

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 28, 2005

*Via First-Class Mail and Facsimile*

Michael E. Gallant
Pollack & Flanders
50 Congress Street
Suite 430
Boston, MA 02109

Re: *Hayman v. Wyeth, Inc., et al.*
*Lee v. Wyeth, Inc., et al.*
*Guarino v. Wyeth, Inc., et al.*
*Bennett v. Wyeth, Inc., et al.*
*Higginbottom v. Wyeth, Inc., et al.*
*Walsh v. Wyeth, Inc., et al.*

Dear Mr. Gallant:

Your letters to me in the above-reference cases do not accomplish service pursuant to Rule 4(d)(2)(A), which requires that the notice and request for waiver of service of summons "be addressed directly to the defendant, if an individual, else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) . . . ."

Wyeth will sign the Waiver of Service of Summons if notice is properly delivered to Wyeth's agent for service of process which is:

CSC
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Very truly yours,

F. Lane Heard III